UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80545-CIV-MARRA

SHARON PROLOW, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY
and AETNA, INC.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint (DE 7) and Defendants' Motion to Stay Discovery (DE 23). The Motions are fully briefed and ripe for review. The Court held a hearing on the Motion to Dismiss on November 17, 2020. The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I. Background

Plaintiff Sharon Prolow, on behalf of herself and all others similarly situated, brings a four-count Complaint (DE 1) against Defendants Aetna Life Insurance Company ("ALIC") and Aetna, Inc.[1] ("Aenta") (collectively, "Defendants") alleging violations of fiduciary obligations pursuant to 29 U.S.C. § 1132(a)(3) (count one); improper denial of benefits pursuant to 29

---

[1] The Complaint alleges that Aetna, Inc. is the parent company of Aetna Life Insurance Company. (Compl. ¶ 8.)

U.S.C. § 1132(a)(1)(B) (count two); a claim for appropriate equitable relief (count three) and a claim for statutory damages (count four). [2]

This class action Complaint is brought on behalf of beneficiaries of ERISA[3] plans. Plaintiff alleges that the plans are administered by Defendants, and that she and other similarly situated beneficiaries of the plans were wrongfully denied Proton Beam Radiation Therapy ("PBRT"), a treatment for breast cancer, due to Defendants' policy of denying this treatment as experimental or investigational. (Compl. ¶ 1.)

According to the Complaint, Defendants are ERISA fiduciaries. (Compl. ¶ 77.) Defendants allegedly violated their fiduciary duties "by adopting and implementing a policy to deny coverage for PBRT." (Id. at ¶ 79.) Due to the breach of fiduciary duty, Defendants were unjustly enriched, and Plaintiff seeks appropriate equitable relief. (Id. at ¶¶ 94-95.)

Defendants move to dismiss the Complaint on the following grounds: (1) counts I and III are brought pursuant to 29 U.S.C. § 1132(a)(3) which cannot be pled when a plaintiff's injury would be adequately remedied under 29 U.S.C. § 1132(a)(1)(B); (2) count III is not a freestanding claim but a remedy and (3) the Complaint is a shotgun pleading which impermissibly lumps the two defendants together.

Plaintiff responds that (1) the 29 U.S.C. § 1132(a)(3) claim for breach of fiduciary duty can proceed alongside her claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B); (2) the breach of fiduciary duty claim is adequately pled; (3) the remedies in count III are available under ERISA and (4) the Complaint is not a shotgun pleading.

---

[2] In response to the motion to dismiss, Plaintiff seeks to voluntarily dismiss count four. (Resp. at 3 n.1.) It is, however, procedurally improper to attempt to dismiss voluntarily less than all of a party's claims in an action. Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). The proper procedure is to amend the complaint to eliminate the claim. Id.

[3] ERISA is shorthand for the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

## III. Discussion

The first question this Court must revolve is whether Plaintiff's claims for "violation of fiduciary obligations" (count I) and "other appropriate equitable relief" (count three) pursuant to 29 U.S.C. § 1132(a)(3) (hereinafter, "section 1132(a)(3)") may proceed alongside Plaintiff's claim for wrongful denial of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) (hereinafter, "section 1132(a)(1)(B)").

Section 1132(a)(1)(B) allows an ERISA-plan beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In contrast, section 1132(a)(3) allows an ERISA-plan beneficiary to bring a civil action to "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3).

In Varity v. Howe, 516 U.S. 489 (1996), the United States Supreme Court held that section 1132(a)(3) serves as a safety net to offer appropriate equitable relief for violations that section 1132(a)(1)(B) does not sufficiently remedy. Id. at 512. Following Varity, the Eleventh Circuit Court of Appeals in Katz v. Comprehensive Plan of Grp. Ins., 197 F.3d 1084 (11th Cir. 1999), held that a plaintiff could not bring a claim under section 1132(a)(3) when she had an adequate remedy under section 1132(a)(1)(B), even if the plaintiff lost on the merits of that claim. Id. at 1088-90.

Next, in Jones v. Am. Gen. Life & Accident Ins. Co., 370 F.3d 1065 (11th Cir. 2004), the court addressed a group life insurance benefit provided to the plaintiff employees. Id. at 1067. The group life insurance benefit provided by the original employer allowed employees who stayed with the employer until retirement to retain the group life insurance benefit after retirement at company expense. Id. The successor employer, however, informed these employees that it was terminating the retiree group life benefit. Id. at 1068. The plaintiffs sought relief under ERISA for breach of contract, equitable estoppel, and breach of fiduciary duty. Id. The breach of contract and equitable estoppel claims sought reinstatement of the plan. Id. With

4

respect to the breach of fiduciary duty claim, the plaintiffs alleged that they relied on the defendant's misrepresentations to their detriment in making financial plans for themselves and their families. Id. at 1072. The defendant moved to dismiss this claim, arguing that the breach of fiduciary duty claim was only cognizable under section 1132(a)(3), and that pursuant to Katz, the plaintiffs were not entitled to section 1132(a)(3) relief because section 1132(a)(1)(B) afforded them an adequate remedy. Id. The district court agreed and dismissed the breach of fiduciary duty claim based on Varity and Katz. Id. Later, at summary judgment, the district court dismissed the plaintiffs' remaining claims. Id.

With respect to the section 1132(a)(1)(B) claim, the Eleventh Circuit found that the district court did not err in granting summary judgment to the employer because the plan was unambiguous, causing the breach of contract and equitable estoppel claims to fail. Id. at 1071. Addressing the district court's dismissal of the breach of fiduciary claim[4] under section 1132(a)(3), the Eleventh Circuit noted that the plaintiffs pled this claim in the alternative. Id.

The Eleventh Circuit then stated that the district court misapplied Varity and Katz, and ought to have considered whether the allegations supporting the section 1132(a)(3) claim were enough to state a cause of action under section 1132(a)(1)(B), regardless of the relief sought. Id. at 1073-74. The Eleventh Circuit explained that "the relevant concern in Varity, in considering whether the plaintiffs had stated a claim under [section 1132](a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations under [section 1132](a)(1)(B) or ERISA's other more specific remedial provisions." Id. at 1073. In Jones, because the plaintiffs' breach of fiduciary duty claim was premised upon different allegations of misconduct than their claim for benefits, the plaintiffs should have been permitted to plead the breach of fiduciary duty

---

[4] This claim alleged that the defendants engaged in a pattern of misrepresentation that caused the plaintiffs to believe their insurance benefit would not be changed during their retirement. Id.

claim as an alternative to the claim for benefits. Id. at 1073-74. Put another way, plaintiffs who "rely to their detriment on a fiduciary's misrepresentations of the plan's terms may state a claim for 'appropriate equitable relief' under section 1132(a)(3) if they have no adequate remedy elsewhere in ERISA's statutory framework." Id. at 1074.

In 2011, the United States Supreme Court ruled in CIGNA Corp. v. Amara, 563 U.S. 421 (2011) that the phrase "other appropriate equitable relief" in section 1132(a)(3) authorized district courts to reform pension plan terms and enforce the reformed terms. Id. at 438-39.  When fiduciaries made incorrect or misleading communications about plan changes, the Amara Court found reformation appropriate. Id. at 440-41.  Also appropriate were the equitable remedies of estoppel and surcharge under section 1132(a)(3).  Id. at 439-43. The facts of Amara were like those in Jones, in that the employees filed a class action against their employer and pension plan for the employer's conversion into a less favorable retirement plan.  Id. at 424.  Also significant was the finding that section 1132(a)(3) could remedy a "loss" incurred by the plaintiffs. Id. at 441 ("Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a *loss* resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment.") (emphasis added).  The Amara court was careful to explain that the ability to obtain a surcharge as a monetary remedy only comes into play only when there has been a "loss" or where the plan beneficiary can prove "actual harm."  Id. at 441-42, 444.

Since Amara, most circuit courts have permitted plaintiffs to pursue claims seeking relief under both sections 1132(a)(1)(B) and (a)(3). See Jones v. Aetna Life Ins. Co., 856 F.3d 541, 547 (8th Cir. 2017) ("so long as two claims 'assert different theories of liability,' plan beneficiaries 'may plead both.'"); Moyle v. Liberty Mut. Retirement Ben. Plan, 823 F.3d 948, 961 (9th Cir. 2016) (allowing claims under section 1132(a)(1)(B) and (a)(3) "as alternative—

rather than duplicative—theories of liability"); New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp., 798 F.3d 125 (2d Cir. 2015) (reversing district court for dismissing breach of fiduciary duty claim under section 1132(a)(3));  Kenseth v. Dean Health Plan, Inc., 722 F.3d 869, 883 (7th Cir. 2013) ("if the plaintiff is able to demonstrate a breach of fiduciary duty . . . and show that the breach caused her damages, [the plaintiff] may seek an appropriate equitable remedy including make-whole relief in the form of money damages."); McCravy v. Metropolitan Life Insurance Co., 690 F.3d 176, 178-81 (4th Cir. 2012) (equitable remedies providing a monetary award are available under § 1132(a)(3), but a plaintiff may not simultaneously recover under § 1132(a)(1)(B) and § 1132(a)(3) for the same injury); but see Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc., 892 F.3d 719, 734 (5th Cir. 2018) (when the plaintiff has an adequate mechanism for redress under section 1132(a)(1)(B), the plaintiff may not simultaneously plead claims under section 1132(a)(3)).

The most recent case from the Eleventh Circuit is Williamson v. Travelport, 953 F.3d 1278 (11th Cir. 2020).  The Williamson plaintiffs sued a successor company for alleged shortchanging of pension benefits. Id. at 1284.  Specifically, the class plaintiffs sought "1) a declaratory judgment under § 1132(a)(1)(B) that their pension benefits were calculated incorrectly; (2) damages under § 1132(a)(1)(B) for pension benefits wrongly withheld based on the allegedly improper calculations; (3) a finding that the defendants breached their fiduciary duties under ERISA; and (4) attorney's fees and prejudgment interest under § 1132(g). [The named plaintiff] also sought, under § 1132(c) and on her behalf only, penalties for the defendants' alleged failure to give her documents that ERISA requires administrators to provide within 30 days upon written request." Id. at 1287.  As it relates to the present case, the Eleventh Circuit ruled that the named plaintiff stated a plausible claim for benefits under section

1132(a)(1)(B). Id. at 1291. With respect to the equitable relief sought under section 1132(a)(3), the court noted that the named plaintiff did not specify the relief sought, but to the extent she was seeking a recalculation of her benefits, she had an available remedy under § 1132(a)(1)(B), and therefore could not assert a claim under § 1132(a)(3).[5] Id. at 1297. Additionally, the court in Williamson explained that the named plaintiff could not obtain compensatory damages for the alleged breach of fiduciary duty under § 1132(a)(3), noting that "such a legal remedy is not available under section 1132(a)(3)." Id. at 1298. Thus, although Williamson did not address directly whether a plaintiff could plead alternative claims under both sections 1132(a)(1)(B) and (a)(3), Williamson did state that there was no need for further equitable relief when the plaintiff already had a cause of action based on the same allegations under § 1132(a)(1)(B), and that a plaintiff could not seek compensatory damages for an alleged breach of fiduciary duty under § 1132(a)(3).[6]

Based on the foregoing, the Court concludes that Plaintiff may plead claims under both sections 1132(a)(1)(B) and 1132(a)(3), if she pleads them in the alternative under different theories of liability.[7] If Plaintiff seeks a claim for benefits pursuant to § 1132(a)(1)(B), the claim

---

[5] Notably, the Eleventh Circuit did not discuss or cite the Amara case.

[6] For this reason, the Court rejects Plaintiff's argument that there would have been an equitable claim available under section 1132(a)(3) had the Williamson plaintiff specified one.

[7] In seeking dismissal of the Complaint, Defendants rely on Gardi v. United Healthcare Services, Inc., et al., No. 19-80369-CIV-MARRA (S.D. Fla. Aug. 17, 2020). There, the plaintiff stated his § 1132(a)(1)(B) and (a)(3) claims were not pled alternatively. The Court dismissed the breach of fiduciary duty claim pursuant to § 1132(a)(3) because the plaintiff was being given leave to amend his claim under § 1132(a)(1)(B) based on the same conduct. Here, the Court is providing Plaintiff with the opportunity to replead the Complaint to allege claims under different theories of liability pursuant to these two subsections of ERISA. The Court also rejects Defendants' reliance on Harrison v. Digital Health Plan, 183 F.3d 1235, 1237 (11th Cir. 1999). In that case, the Court affirmed the dismissal of the plaintiff's breach of fiduciary duty claim but without any discussion. Neither case prohibits non-duplicative alternative pleading.

8

brought pursuant to § 1132(a)(3) must allege a different theory of liability.[8] An example of this type of pleading can be found in the Eighth Circuit case of Jones, 856 F.3d at 547. In that case, the complaint included a count for a denial of benefits under § 1132(a)(1)(B) and a count alleging that the defendant used a claims-handling process that breached its fiduciary duties under § 1132(a)(3) and caused the plaintiff to suffer a loss of benefits. Id. The Eighth Circuit rejected the defendant's argument that these two claims were duplicative because they both alleged "improper claims handling." Id. Instead, the Eighth Circuit explained that the §1132(a)(3) claim flowed from the process; specifically, the use of claim examiners with conflicts of interest, whereas the § 1132(a)(1)(B) claim challenged the defendant's decision that the plaintiff was not disabled. Id. The Eighth Circuit stated that it did not matter if these two claims sought "functionally the same relief" as long as the claims asserted different theories of liability. Id. The Court believes that this Eighth Circuit case is instructive for Plaintiff going forward with an amended complaint in this case. See also Laird v. Aetna Life Ins. Co., 263 F. Supp. 3d 1231, 1124 (M.D. Ala. 2017) (when the plaintiff "tacitly admitted" no claim for benefits under § 1132(a)(1)(B), dismissing her § 1132(a)(3) claim would "leave her with no relief at all" which was "untenable."); Poole v. Life Insurance Company of North America, 984 F. Supp. 2d 1179, 1188 (M.D. Ala. 2013) (permitting the plaintiff to plead a claim pursuant to § 1132(a)(3) if it is determined that he is not entitled to relief he seeks under § 1132(a)(1)(B)).

In repleading, Plaintiff must remedy her breach of fiduciary duty claim as well. "[A] party is a fiduciary only 'to the extent' that it performs a fiduciary function." Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1277 (11th Cir. 2005). "To establish a claim

---

[8] As for Defendants' reliance on Greenwell v. Group Health Plan for Employees of Sensus USA, Inc., No. 5:19-CV-577-FL, 2020 WL 7129936 (E.D.N.C. Dec. 4, 2020), the Court does not find it compelling. Unlike the Fourth Circuit cases cited in Greenwell, the Court finds that the Eleventh Circuit cases allow for plaintiffs to bring non-duplicative alternative claims for relief.

9

for breach of fiduciary duty under ERISA, a plaintiff must generally show that the defendants are fiduciaries, that the defendants breached their fiduciary duties, and the breach(es) caused harm." Dupree v. Prudential Ins. Co. of Am., No. 99-8337-CIV-JORDAN, 2007 WL 2263892, at *37 (S.D. Fla. Aug. 7, 2007), as amended (Aug. 10, 2007).

Plaintiff's breach of fiduciary duty claim fails to allege an independent fiduciary act and rests on the implementation or application of a policy that denies benefits. See, e.g., Larson v. United Healthcare Ins. Co., 723 F.3d 905, 917 (7th Cir. 2013) (dismissing the breach of fiduciary claim when the complaint targets decision-making about policy terms); Johns v. Blue Cross Blue Shield of Michigan, No. 2:08-CV-12272, 2009 WL 646636, at *5 (E.D. Mich. Mar. 10, 2009) (the claim alleges that the defendant had a policy of denying payments, and not how the claims procedure was improper).[9] Any amended claim must articulate a breach of fiduciary duty that does not rest on the assertion of unpaid benefits.

Plaintiff is reminded that, if the amended complaint seeks monetary relief for unpaid benefits under § 1132(a)(1)(B), any additional equitable monetary relief sought under § 1132(a)(3), must show different damages than the damage of unpaid benefits. These equitable damages must relate to an additional, separate, and actual loss stemming from the breach of fiduciary duty, and not take the form of a monetary penalty to be imposed on Defendants unrelated to an actual loss or harm to Plaintiff and the putative class. See Amara, 563 U.S. at 441-42; Williamson, 953 F.3d at 1298. Assuming Plaintiff can plead a breach of fiduciary claim

---

[9] Plaintiff relies on several cases in support of the breach of fiduciary duty claim. See Wit v. United Behavioral Health, 317 F.R.D. 106 (N.D. Cal. 2016); A.D. v. T-Mobile USA, Inc., No. 2:15-CV-00180-RAJ, 2016 WL 3882919, at *1 (W.D. Wash. July 18, 2016); Escalante v. California Physicians' Serv., 309 F.R.D. 612, 619 (C.D. Cal. 2015); Churchill v. Cigna Corp., No. CIV.A. 10-6911, 2011 WL 3563489, at *4 (E.D. Pa. Aug. 12, 2011). These cases address motions for class certification and not whether the plaintiff pleaded a proper claim for breach of fiduciary duty. These cases also concerned defendants that developed guidelines that were more restrictive than the accepted standard of care. For these reasons, these cases are unpersuasive.

pursuant to § 1132(a)(3), Plaintiff may then seek equitable remedies sought in count three that are consistent with this Order.[10]  Equitable remedies are appropriate under § 1132(a)(3), as a catch-call provision for ERISA violations that §1132 does not adequately remedy.  See Varity, 516 U.S. at 512 (section 1132(a)(3) acts as a catchall which provides appropriate equitable relief).

Lastly, Defendants are correct that the Complaint impermissibly lumps the two Defendants together. Each Defendant is alleged to be distinct legal entities (Compl. ¶ 8), but the Complaint does not adequately differentiate between Defendants nor inform each Defendant separately of the allegations that apply to it.  Joseph v. Bernstein, 612 F. App'x 551, 555 (11th Cir. 2015) (if the complaint indiscriminately groups the defendants together, without articulating the factual basis for each defendant liability, it fails to comply with the minimum standard of Rule 8.); Cellco P'ship v. Plaza Resorts Inc., No. 12-81238-CIV, 2013 WL 5436553, at *7 (S.D. Fla. Sept. 27, 2013) (finding the complaint impermissibly lumps together defendants who are alleged to be distinct legal entities); Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd., No. 05–60080–CIV, 2011 WL 1233126, at * 2 (S.D. Fla. Mar. 30, 2011) ("This lumping technique creates confusion and make the analysis of the complaint unnecessarily burdensome,' and results in ... making accusations that are 'just not accurate.") (internal quotation marks omitted).[11]  Plaintiff is directed to replead the Complaint and remedy these pleading deficiencies.

---

[10] Count three, which is essentially a claim of remedies, should not be a stand-alone claim.

[11] Plaintiff relies on Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co., 917 F.3d 1249, 1275 (11th Cir. 2019) to allow for group pleading. This case is inapposite. In Quality Auto, the complaint alleged that all the defendants colluded together, and the complaint stated that the use of the term "defendants" meant each named defendant.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJDUGED** as follows:

1) Defendants' Motion to Dismiss Plaintiff's Complaint (DE 7) is **GRANTED IN PART AND DENIED IN PART**.  Counts one and three are dismissed with leave to amend. The Amended Complaint shall be filed **no later than January 25, 2021**.

2) Defendants' Motion to Stay Discovery (DE 23) pending the Court's order on Defendants' Motion to Dismiss is **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of January, 2021.

KENNETH A. MARRA
United States District Judge