**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  9:20-CV-80545-KAM**

SHARON PROLOW and
MARK LEMMERMAN,
on and behalf of herself and
all others similarly situated,

<div align="center">Plaintiffs,</div>

v.

AETNA LIFE INSURANCE
COMPANY,

<div align="center">Defendant.</div>
_____/


**DEFENDANT AETNA LIFE INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

PROCEDURAL HISTORY.....................................................................................................2

SUMMARY OF RELEVANT UNDISPUTED MATERIAL FACTS .....................................2

   I.    Delegations of Discretionary Authority to Aetna ...............................................2

   II.   Relevant Plan Terms ..........................................................................................3

   III.  Clinical Policy Bulletin 0270..............................................................................4

   IV.  Plaintiffs' Claims for PBRT................................................................................5

        A.    Prolow's Claim .........................................................................................5

        B.    Lemmerman's Claim ................................................................................6

ARGUMENT...........................................................................................................................7

   I.    Summary Judgment Standard .............................................................................7

   II.   The Applicable Standard of Review is "Arbitrary and Capricious".....................8

        A.    Standard of Review in ERISA Actions.....................................................8

        B.    Aetna Has Been Vested with Discretionary Authority ..............................9

   III.  Aetna Did Not Act Arbitrarily or Capriciously in Denying Plaintiffs' Respective PBRT Claims ......................................................................................................................13

        A.    Aetna's Decisions Were Based on Reasonable Procedures, Medical Review, and Substantial Scientific Evidence.................................................................15

            1.    The Rigorous Review Process that Resulted in Denial of Prolow's Claim.............................................................................................16

            2.    The Rigorous Review Process that Resulted in Denial of Lemmerman's Claim.............................................................................................17

        B.    The Contrary Recommendations of Plaintiffs' Treating Physicians Do Not Render Aetna's Decision Arbitrary or Capricious ..................................................20

        C.    Aetna's Decision Was Not Tainted by a Conflict of Interest ...................21

   IV.  Even Under a *De Novo* Standard of Review, Aetna's Decisions Were Correct ........21

CONCLUSION.......................................................................................................................23

REQUEST FOR HEARING...................................................................................................23

## **TABLE OF AUTHORITIES**

**Cases**                                                                                      **Page(s)**

*Anderson v. Blue Cross/Blue Shield of Alabama, Inc.*,
   907 F.2d 1072 (11th Cir. 1990) ...................................................................................12

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)......................................................................................................8

*Aschermann v. Aetna Life Ins. Co.*,
   No. 1:10-CV-00433-LJM, 2010 WL 4778724 (S.D. Ind. Nov. 12, 2010),
   *aff'd*, 689 F.3d 726 (7th Cir. 2012)..........................................................................12

*Benson v. Hartford Life & Accident Ins. Co.*,
   No. 1:17-CV-247-MW/GRJ, 2018 WL 6442979 (N.D. Fla. Oct. 22, 2018),
   *aff'd*, 791 F. App'x 152 (11th Cir. 2019)............................................................15, 20

*Black & Decker Disability Plan v. Nord*,
   538 U.S. 822 (2003)....................................................................................................15

*Blankenship v. Met. Life Ins. Co.*,
   644 F.3d 1350 (11th Cir. 2011) ........................................................................ *passim*

*Burger King Corp. v. E-Z Eating, 41 Corp.*,
   572 F.3d 1306 (11th Cir. 2009) ...................................................................................8

*Campbell v. Hartford Life and Accident Ins. Co.*,
   No. 17-80193-CIV-MARRA, 2018 WL 4963118 (S.D. Fla. Oct. 15, 2018) ...............9-10, 13

*Capone v. Aetna Life Ins. Co.*,
   592 F.3d 1189 (11th Cir. 2010) .................................................................................22

*Carnaghi v. Phoenix Am. Life Ins. Co.*,
   238 F. Supp. 2d 1373 (N.D. Ga. 2002) ....................................................................20

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)......................................................................................................8

*Corkill v. Hartford Life & Accident Ins. Co.*,
   435 F. Supp. 2d 1192 (N.D. Fla. 2005), *aff'd*, 181 F. App'x 935 (11th Cir. 2006)................20

*Dawson v. Cigna Corp.*,
   261 F. Supp. 3d 1275 (S.D. Fla. 2017) .....................................................................14

*Dillon v. Timken Co.*,
No. Civ. 11-195 Erie, 2013 WL 4508975 (W.D. Pa. Aug. 26, 2013) ....................................19

*Dowling v. Met. Life Ins. Co.*,
355 F. Supp. 2d 1311 (M.D. Fla. 2004)..............................................................................12

*Doyle v. Liberty Life Assurance Co. of Bos.*,
542 F.3d 1352 (11th Cir. 2008) .................................................................................10, 21

*Ferrizzi v. Reliance Standard Life Ins. Co.*,
No. 3:16-CV-1439-J-39PDB, 2018 WL 1866100 (M.D. Fla. Feb. 12, 2018),
*report and recommendation adopted*,
No. 3:16-CV-1439-J-39PDB, 2018 WL 1866101 (M.D. Fla. Mar. 28, 2018),
*aff'd*, 792 F. App'x 678 (11th Cir. 2019)............................................................................20

*Firestone Tire & Rubber Co. v. Bruch*,
489 U.S. 101 (1989)........................................................................................................1, 9

*Frame v. Hartford Life and Accident Ins. Co.*,
257 F. Supp. 3d 1268 (M.D. Fla. 2017)..............................................................................13

*Gardner v. Grp. Health Plan*,
No. 5:09–CV–00152–BO, 2011 WL 1321403 (E.D.N.C. Apr. 4, 2011) ...............................20

*Gilley v. Monsanto Co., Inc.*,
490 F.3d 848 (11th Cir. 2007) ..........................................................................................21

*Goodman v. Georgia Southwestern*,
147 F. App'x 888 (11th Cir. 2005) .......................................................................................8

*Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*,
192 F. Supp. 3d 1326 (S.D. Fla. 2016), *aff'd*, 681 F. App'x 771 (11th Cir. 2017) ................8

*Jean Baptiste v. Securian Fin. Grp., Inc.*,
No. 20-60888-CIV, 2021 WL 3883707 (S.D. Fla. Aug. 31, 2021) .......................................13

*Jett v. Blue Cross and Blue Shield of Ala.*,
890 F.2d 1137 (11th Cir.1989) ..........................................................................................13

*Jones v. AT&T Umbrella Benefit Plan No. 1*,
No. 3:15-cv-821-J-34JRK, 2018 WL 748870 (M.D. Fla. Jan. 10, 2018)...............................21

*Kinser v. Plan Admin. Comm. of Citigroup, Inc.*,
488 F. Supp. 2d 1369 (M.D. Ga. 2007) ..............................................................................12

*Klebe v., Mitre Grp. Health Plan*,
   894 F. Supp. 898 (D. Md. 1995), *aff'd*, 91 F.3d 131 (4th Cir. 1996) ....................................12

*Malone v. Accts. Receivable Res., Inc.*,
   408 F. Supp. 3d 1335 (S.D. Fla. 2019), *reconsideration denied*,
   No. 18-CIV-81254-RAR, 2019 WL 7584969 (S.D. Fla. Nov. 21, 2019).............................8

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986).............................................................................................................8

*Meadows v. Am. Airlines, Inc.*,
   No. 10-22175-CIV, 2011 WL 1102774 (S.D. Fla. Mar. 24, 2011) ...................................21

*Melech v. Life Ins. Co. of N. Am.*,
   739 F.3d 663 (11th Cir.2014) ...........................................................................................22

*Meyer v. Hartford Life and Accident Ins. Co.*,
   320 F. Supp. 2d 1256 (M.D. Fla. 2004) ......................................................................16, 21

*Ness v. Aetna Life Ins. Co.*,
   257 F. Supp. 3d 1280 (M.D. Fla. 2017).............................................................................9

*O.D. v. Jones Lang Lasalle Med. PPO Plus Plan*,
   772 F. App'x 800 (11th Cir. 2019) .................................................................................1, 9

*Oliver v. Aetna Life Ins. Co.*,
   55 F. Supp. 3d 1370 (N.D. Ala. 2014), *aff'd*, 613 F. App'x 892 (11th Cir. 2015).................13

*Parness v. Met. Life Ins. Co.*,
   291 F. Supp. 2d 1347 (S.D. Fla. 2003) ............................................................................13

*Pierce v. Wyndham Worldwide Operations, Inc.*,
   791 F. App'x. 45 (11th Cir. 2019) ................................................................................13-14

*Prelutsky v. Greater Ga. Life Ins. Co.*,
   692 F. App'x 969 (11th Cir. 2017) ....................................................................................10

*Richey v. Hartford Life & Accident Ins. Co.*,
   608 F. Supp. 2d 1306 (M.D. Fla. 2009) .......................................................................20-21

*Slomcenski v. Citibank, N.A.*,
   432 F.3d 1271 (11th Cir. 2005) ........................................................................................21

*Tabakian v. Lincoln Nat'l Life Ins. Co.*,
   No. 4:19-cv-00073, 2021 WL 1168698 (S.D. Ga. Mar. 26, 2021)....................................13

iv

*Till v. Lincoln Nat'l Life Ins. Co.*,
    678 F. App'x 805 (11th Cir. 2017) ................................................................. 19-20

*White v. Coca–Cola Co.*,
    542 F.3d 848 (11th Cir.2008) .............................................................................14

*Woodruff v. Blue Cross and Blue Shield of Ala.*,
    No. 2:16-cv-00281-SGC, 2018 WL 571933 (N.D. Ala. Jan. 26, 2018) ..................19

**Statutes and Codes**

29 U.S.C. § 1132(a)(1)(B) ...................................................................................... *passim*

29 U.S.C. § 1132(a)(3)...............................................................................................2

**Rules**

Fed. R. Civ. P. 56.................................................................................................1, 8

Local Civ. R. 56.1 ....................................................................................................2

Local Rule 7.1(b)(2)................................................................................................23

Pursuant to Federal Rule of Civil Procedure 56, Defendant Aetna Life Insurance Company (hereinafter, "Aetna") respectfully moves the Court for the entry of summary judgment in favor of Aetna and dismissal of Plaintiffs' Third Amended Class Action Complaint [D.E. 83] (the "TAC").

## INTRODUCTION

Plaintiffs' case rests on the wholly unsupported assumption that Aetna "categorically" applied its Clinical Policy Bulletin to deny them certain benefits and did so without taking into account their individual circumstances or information provided by their treating physicians. The Administrative Records tell a very different story. The Records reflect that Aetna performed an individualized review and had a reasonable basis for its benefit decisions as to both Plaintiffs and did not abuse its discretion in determining, based on a multi-level review by several medical professionals, that Plaintiffs' claims for Proton Beam Radiation Therapy ("PBRT") were not covered under the terms of either Plaintiff's benefit plan.

Following several amendments to the pleadings and motions to dismiss, only one count remains in this ERISA-governed action – a claim for improper denial of benefits under ERISA Section 502(a)(1)(B). The law governing the standard of judicial review of such a denied benefit claim under longstanding Supreme Court and Eleventh Circuit jurisprudence is clear: If the claims administrator is granted discretionary authority to determine eligibility for benefits and/or to construe the terms of the applicable plan(s), as is the case here, the decision to deny benefits is reviewed under the deferential "arbitrary and capricious" standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989); *O.D. v. Jones Lang Lasalle Med. PPO Plus Plan*, 772 F. App'x 800, 803 (11th Cir. 2019).

Here, both Plaintiffs' plan sponsors expressly delegated discretionary authority to Aetna to construe plan terms and determine Plaintiffs' eligibility for benefits. Indeed, the version of the Complaint preceding the TAC was replete with judicial admissions to that effect. *See, e.g.*, Second Amended Complaint ("SAC") ¶ 19 ("During all relevant times, Aetna acted as a fiduciary with respect to its administration of ERISA plans."); *id.* ¶¶ 42, 66 ("Aetna exercises discretionary authority or discretionary control with respect to the management of the Plan and has discretionary authority or discretionary responsibility in the administration of the Plan"). Under prevailing Eleventh Circuit law, the governing standard of review in this action is arbitrary and capricious. Aetna's coverage determinations were based on reasonable and principled procedures, taking into account the opinions of several radiation oncologists, including external reviewers. None had a

1

financial incentive to deny either Plaintiff PBRT. The decisions should be upheld, and judgment should enter in favor of Aetna.

## PROCEDURAL HISTORY

On March 31, 2020, Plaintiff Sharon Prolow ("Prolow") filed her initial Class Action Complaint (the "Complaint"), in which she named as defendants Aetna Life Insurance Co. and Aetna, Inc. Her pleading included four purported counts: (1) breach of fiduciary duty under ERISA Section 502(a)(3), codified at 29 U.S.C. § 1132(a)(3); (2) improper denial of benefits under ERISA Section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B); (3) a claim for equitable relief; and (4) a claim for statutory damages. The Complaint was subsequently amended to add Plaintiff Mark Lemmerman ("Lemmerman"). All but the claim for improper denial of benefits have been either dismissed by the Court or withdrawn by Plaintiffs (including all claims against Aetna Inc.), leaving a single claim under ERISA Section 502(a)(1)(B). Aetna filed its Answer and Affirmative Defenses to the TAC on October 27, 2021 [D.E. 104].

## SUMMARY OF RELEVANT UNDISPUTED MATERIAL FACTS

### I.    Delegations of Discretionary Authority to Aetna

Prolow is employed by AllianceBernstein P.L. ("AllianceBernstein"), and she participates in its self-funded employee welfare benefit health plan (the "AllianceBernstein Plan") that is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Def. Aetna Life Ins. Co.'s Local Civ. R. 56.1 Statement of Undisputed Material Facts ("SUMF") ¶¶ 1-4. Lemmerman for his part is employed by Covanta Projects LLC ("Covanta"), and he participates in the "Covanta Plan," which is also a self-funded employee welfare benefit health plan governed by ERISA. *Id.* ¶¶ 59-63.

Aetna has entered into master service agreements ("MSAs") with both AllianceBernstein and Covanta, under which Aetna provides administrative services to the companies' respective plans. *Id.* ¶¶ 5, 63.



*Id.* ¶¶ 8, 66.



*Id.* ¶¶ 9, 67.

*Id.* ¶¶ 11, 27, 70, 83 (emphasis added).

*Id.* ¶¶ 67-68 (emphasis added).

## II. Relevant Plan Terms



*See, e.g., id.* ¶¶ 10, 69

*Id.* ¶¶ 12, 71.

*Id.* ¶¶ 12, 71.



3



*Id.* ¶¶ 15, 74 (emphasis added).

*Id.* ¶ 16 (emphasis added).

*Id.* ¶ 17 (emphases added).

### III.   Clinical Policy Bulletin 0270

Aetna utilizes clinical policy bulletins that explain Aetna's policies with respect to specific services and supplies. Aetna uses these bulletins and other resources to help guide individualized coverage decisions under each individual plan, taking into account medical and other scientific developments. As applicable to this case, Aetna considered a medical policy for PBRT—Clinical Policy Bulletin No. 0270, titled "Proton Beam and Neutron Beam Radiotherapy ("CPB No. 0270"). The CPB is available on Aetna's website, and includes a history of reviews and amendments by Aetna; indeed Plaintiffs' TAC *admits* that Aetna revised and updated the CPB regularly—as recently as May 14, 2021. TAC ¶ 2. CPB No. 0270 provides that Aetna considers

4

PBRT Experimental and Investigational or medically necessary for certain conditions and indications, and it incorporates an extensive bibliography of as many as 200 scientific publications used in the development of the policy. ████████████████████████████ ██████████████████████████ SUMF ¶¶ 18, 77.

## IV.    Plaintiffs' Claims for PBRT

### A.    Prolow's Claim

Prolow was first diagnosed with breast cancer in October 2017, and she experienced a recurrence in August 2018. SUMF ¶ 31.   Her treating physician, Dr. Marcio Fagundes, recommended that she undergo PBRT ██████████████████████████████ ██████████ *Id.* ¶¶ 32-33.
████████████████████████████████████
████████████████████████████████████
██████████ *Id.* ¶¶ 35-37.

████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████ SUMF ¶ 38. ██████████████
████████████████████████████████████
████████████████████████████████████
*Id.*
████████████████████████████████████ *Id.*, citing
██████████. ██████████████████████ *Id.*
Dr. Fagundes submitted a first-level appeal on March 14, 2019, ██████████
████████████████████████████████████
██████████████. *Id.* ¶¶ 39-40.
████████████████████████████████████
████████████████████████████████████ *Id.*
¶¶ 41-48.
████████████████████████████████████
████████████████████████████████████
██████████ *Id.* ¶¶ 49-50. ██████████

5



*Id.* ¶¶ 51-53.

*Id.* ¶ 52, ███████████████████.

Finally, Prolow's treating physician requested external review, which Aetna submitted to Medical Care Management Corporation ("MCMC"), a nationally-recognized independent review organization. *Id.* ¶¶ 54-55. ███████████████████████

████████████████████████████████████ *Id.* ¶¶ 56-57. ███████████

████████████████████████████████████████ *Id.* ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████ *Id.* ¶ 56. ████████████████████████████████████████

██████████████████ *Id.* ¶ 58.

**B.    Lemmerman's Claim**

Lemmerman was diagnosed with non-metastatic (i.e., localized) prostate cancer in January 2020. *Id.* ¶ 86. ██████████████████████████████████████

████████████████ *Id.* ¶ 87 (emphasis added).

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████ *Id.* ¶¶ 88-89.

██████████████████████████████████████████████████████████

6



*Id.* ¶ 89.

*Id.* ¶ 90.

*Id.* ¶ 91.

Plaintiff Lemmerman's treating physician submitted a first-level appeal on February 14, 2020.  SUMF ¶ 93.

*Id.* ¶ 94.

*Id.*

*Id.* ¶¶ 95-96.

*Id.* ¶ 96.

*Id.* ¶¶ 97-100.

On April 10, 2020, Plaintiff Lemmerman's treating physician submitted a second-level expedited appeal.  *Id.* ¶ 101.

*Id.* ¶¶ 102-104.

On May 6, 2020, Lemmerman's treating physician requested external review, which Aetna referred to MCMC.  *Id.* ¶¶ 105-106.  MCMC issued a decision on June 17, 2020, upholding Aetna's prior decision.  *Id.* ¶¶ 106-108.

*Id.* ¶¶ 107-108.  *Id.* ¶ 109.

7

## ARGUMENT

I.      **Summary Judgment Standard**

Summary judgment is appropriate where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Goodman v. Georgia Southwestern*, 147 F. App'x 888, 890 (11th Cir. 2005). As such, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 192 F. Supp. 3d 1326, 1330 (S.D. Fla. 2016), *aff'd*, 681 F. App'x 771 (11th Cir. 2017).

"'A party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Burger King Corp. v. E-Z Eating, 41 Corp.*, 572 F.3d 1306, 1313 (11th Cir. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). After the movant satisfies this requirement, "the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial . . ." *Malone v. Accts. Receivable Res., Inc.*, 408 F. Supp. 3d 1335, 1342 (S.D. Fla. 2019), *reconsideration denied*, No. 18-CIV-81254-RAR, 2019 WL 7584969, at *2 (S.D. Fla. Nov. 21, 2019) (quotation marks and citation omitted). "'The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Int'l Fid. Ins. Co.*, 192 F. Supp. 3d at 1330 (quoting *Anderson*, 477 U.S. at 247-48).

The non-moving party, therefore, must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Although "[a]ll reasonable inferences arising from the undisputed facts should be made in favor of the nonmovant," an inference based on "speculation and conjecture is not reasonable." *Goodman*, 147 F. App'x at 891. Nor may the non-moving party "'rest upon the mere allegations or denials of the adverse party's pleading.'" *Malone*, 408 F. Supp. 3d at 1342 (citation omitted).

II.     **The Applicable Standard of Review is "Arbitrary and Capricious"**

    A.     **Standard of Review in ERISA Actions**

        Although ERISA does not mandate how courts should review claim denials, federal courts "have the authority to develop a body of federal common law" to govern the interpretation and enforcement of plan provisions. *O.D.*, 772 F. App'x at 803. Under federal common law, if the benefit plan gives the administrator or other fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the *de novo* standard does ***not*** govern the court's review. *Firestone*, 489 U.S. at 115. Rather, as the Eleventh Circuit held in *Blankenship v. Met. Life Ins. Co.*, the following six-part test guides the Court's review:

> (1) Apply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

644 F.3d 1350, 1355 (11th Cir. 2011); *see also Campbell v. Hartford Life and Accident Ins. Co.*, No. 17-80193-CIV-MARRA, 2018 WL 4963118, at *7 (S.D. Fla. Oct. 15, 2018); *Ness v. Aetna Life Ins. Co.*, 257 F. Supp. 3d 1280, 1288 (M.D. Fla. 2017).

    B.     **Aetna Has Been Vested with Discretionary Authority**

        Under the *Blankenship* framework, if the Court determines that Aetna's benefit decisions at issue were "*de novo*" wrong, it must then determine whether Aetna was given discretion to

decide such claims. [1] Here, there can be no dispute that both Prolow and Lemmerman's Plans vest Aetna with discretionary authority to determine benefits eligibility and coverage.

With regard to Prolow, the MSA between Aetna and Plaintiff's employer, AllianceBernstein (defined in the MSA as "Customer"), ████████████████████████████ ███████

██████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████

███████████████ attached as **Exhibit C** to SUMF.  Through this provision, Aetna was ████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████

██████████████████████████████ *Id.*

---

[1] A number of courts, including this Court, have bypassed the first two prongs of the *Blankenship* test to determine in the first instance whether the administrator was vested with discretion, thus warranting application of the arbitrary and capricious standard of review.  *See Campbell,* 2018 WL 4963118, at *7 (beginning analysis with third prong of *Blankenship* test); *see also Prelutsky v. Greater Ga. Life Ins. Co.,* 692 F. App'x 969, 972 (11th Cir. 2017) ("[E]ven assuming that GGL's decision was 'de novo wrong, as the district court found, the dispositive question is whether GGL's decision was arbitrary and capricious. Thus, we will begin our analysis at step three and determine whether GGL's decision to deny Prelutsky's claim was arbitrary and capricious."); *Doyle v. Liberty Life Assurance Co. of Bos.,* 542 F.3d 1352, 1357 (11th Cir. 2008) (on review of summary judgment, skipping straight to determining whether the administrator had discretion to review benefit claims under the plan). The Court may, if it chooses, begin its analysis at the third prong of the *Blankenship* test.

The MSA applicable to Lemmerman, entered into between Aetna and Lemmerman's employer, Covanta ████████████████████████████████████████████

████████████████████████████████████████████

████████████████

███████████████████, attached as **Exhibit E** to SUMF. This provision ████████

████████████████████████████████████████████

████████ *Id.*

The language in the respective MSAs is consistent with the terms of the Plan Booklets of both Plaintiffs. For example, the Plan Booklet applicable to Prolow ███████████

████████████████████████████████████████████

████████ *See* ███████████████, attached as **Exhibit D** to SUMF ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████ (emphasis added).

The Plan Booklet applicable to Lemmerman contains similar language. *See* ████

████████ attached as **Exhibit E** to SUMF, at 63. ████████████

████████████████████████████████████████████

████████ *See* ████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

11



*see* ████

████ SUMF ¶¶ 13, 72.

**Exhibit F** to SUMF, ████ . ████

████ as outlined above.

The Plan documents applicable to both Prolow and Lemmerman make clear that Aetna is vested with discretionary authority to make benefit decisions.  SUMF ¶¶ 9, 67.  Moreover, as Plaintiffs themselves have pleaded, Aetna exercised such discretion in evaluating the PBRT claims that form the basis of the remaining count of the TAC.

The Eleventh Circuit in *Anderson* confirmed that Courts are permitted to go beyond the plan booklet in making assessing the grant of discretion.  *Anderson v. Blue Cross/Blue Shield of Alabama, Inc.*, 907 F.2d 1072, 1076 (11th Cir. 1990) (noting that where a plan gives a fiduciary the right to determine which services and supplies are medically necessary, and therefore payable, then by definition arbitrary and capricious standard applies).  In order to determine the appropriate standard of review, the Court may examine all applicable plan documents, which include both the plan booklet and the administrative services agreement.  *See, e.g., Dowling v. Met. Life Ins. Co.*, 355 F. Supp. 2d 1311, 1315-16 (M.D. Fla. 2004); *Kinser v. Plan Admin. Comm. of Citigroup, Inc.*, 488 F. Supp. 2d 1369, 1378 (M.D. Ga. 2007) (finding ASA a "plan document" appropriate for consideration to determine the standard of review); *Klebe v., Mitre Grp. Health Plan*, 894 F. Supp. 898, 902 (D. Md. 1995), *aff'd*, 91 F.3d 131 (4th Cir. 1996) ("While it is true that the language of discretion appears in the [ASA] . . . the Court accepts that a requisite grant of discretion may be derived from any number of plan documents, including the plan itself, summary descriptions, contracts, and the like." (citations omitted); *Aschermann v. Aetna Life Ins. Co.*, No. 1:10-cv-

00433-LJM-DML, 2010 WL 4778724, at * 3 (S.D. Ind. Nov. 12, 2010), *aff'd*, 689 F.3d 726 (7th Cir. 2012) ("The ASA in this case is an insurance policy. Insurance policies can be plan documents when they delegate the requisite discretion to determine benefits to the insurer . . . . Because the ASA sets out rules for awarding benefits to plan participants, the Court concludes that the ASA is a plan.").

Having shown that Aetna was vested with discretionary authority, the third step of the *Blankenship* test requires review of the benefit decisions at issue under the deferential "arbitrary and capricious" standard of review. *See, e.g.*, *Pierce v. Wyndham Worldwide Operations, Inc.*, 791 F. App'x 45, 49 (11th Cir. 2019) (affirming application of arbitrary and capricious standard of review to claim for wrongful of denial of benefits where administrator was vested with discretion); *Campbell*, 2018 WL 4963118, at *7 (applying arbitrary and capricious standard of review after determining that administrator was vested with discretionary authority); *Frame v. Hartford Life and Accident Ins. Co.*, 257 F. Supp. 3d 1268, 1274 (M.D. Fla. 2017) (same); *Tabakian v. Lincoln Nat'l Life Ins. Co.*, No. 4:19-cv-00073, 2021 WL 1168698, at *7 (S.D. Ga. Mar. 26, 2021) (same).

Consistent with prevailing Eleventh Circuit law, the Court should apply the arbitrary and capricious standard to its review of Plaintiffs' remaining claim.

## III.    Aetna Did Not Act Arbitrarily or Capriciously in Denying Plaintiffs' Respective PBRT Claims

The Eleventh Circuit has instructed that, under the arbitrary and capricious standard of review, "'the function of the court is to determine whether there was a ***reasonable basis*** for the decision, based upon the facts as known to the administrator at the time the decision was made.'" *Parness v. Met. Life Ins. Co.*, 291 F. Supp. 2d 1347, 1358 (S.D. Fla. 2003) (quoting *Jett v. Blue Cross and Blue Shield of Ala.*, 890 F.2d 1137, 1139 (11th Cir. 1989)) (emphasis added). "The administrator's decision is 'reasonable' (and, therefore, not 'arbitrary or capricious') if it's supported by some 'reliable evidence' in the record—and that's true *even if* the plaintiff's position is also reasonable." *Jean Baptiste v. Securian Fin. Grp., Inc.*, No. 20-60888-CIV, 2021 WL 3883707, at *6 (S.D. Fla. Aug. 31, 2021).

Under this deferential standard, as long as such reasonable basis appears for the decision, it must be upheld as not being arbitrary or capricious "'*even if there is evidence that would support a contrary decision*.'" *Oliver v. Aetna Life Ins. Co.*, 55 F. Supp. 3d 1370, 1387 (N.D. Ala. 2014),

13

*aff'd*, 613 F. App'x 892 (11th Cir. 2015) (quoting *White v. Coca–Cola Co.*, 542 F.3d 848, 856 (11th Cir. 2008)); *see also Pierce*, 791 F. App'x at 49; *Dawson v. Cigna Corp.*, 261 F. Supp. 3d 1275, 1287 (S.D. Fla. 2017) ("A reasonable determination is not necessarily the 'best' determination, or even the result the Court would have reached . . . .").

Here, the standard of reasonableness is amply met as confirmed in the Administrative Records. Both Plaintiffs' claims underwent a multi-level review process. While Plaintiffs claim that Aetna did not provide them a full and fair review by mechanically applying CPB No. 0270 without an individualized and considered review of the member's medical condition, as described in detail below, that is grossly inaccurate and belied by the administrative record of both Plaintiffs. Each claim was reviewed both by Aetna board-certified physicians, as well as by board-certified radiation oncologists at nationally recognized external review organizations who evaluated the submissions of each Plaintiff's treating physician.



SUMF ¶¶ 35, 41-42, 46-48, 52-53; 55, 58 (citing ); SUMF ¶¶ 89, 91, 94, 97, 102, 106 (citing ). In each case, the scientific reasoning which formed the basis for the decisions was articulated and communicated to both the treating physicians and to Plaintiffs, including as part of peer-to-peer reviews requested by the treating physicians. Not only did these procedures afford Plaintiffs a "full and fair review," the administrative records evince procedures, which provide for reviews by several subject matter experts who had no financial incentive to deny either Plaintiff services.

(*see* SUMF ¶ 41, citing );
(*see* SUMF ¶ 48, citing );
(SUMF ¶ 53, citing ); and
(SUMF ¶¶ 55, 57, citing ).

(*see* SUMF ¶¶ 89, 92, citing ;
(*see Id.* ¶ 91, citing );
(*see Id.* ¶ 95, citing



; (*see Id.* ¶ 100, citing ); (*see Id.* ¶ 104, citing ); and (*see Id.* ¶ 108, citing ). SUMF ¶¶ 36, 47, 52, 55, citing ; SUMF ¶¶ 90-91, 94, 96, 98, 103 citing . *See id.* . SUMF ¶¶ 36, 41-42, 55-56, citing SUMF ¶¶ 89, 91, 96, 98-99.

The fact that Plaintiffs preferred a service that was excluded under their respective Plans does not render the benefit decisions wrong or inappropriate. If that were the standard by which an administrator's benefit decisions were measured, *any decision* made in exercise of discretion to construe plan terms would be rendered an abuse of discretion, eviscerating the ERISA scheme.

### A. Aetna's Decisions Were Based on Reasonable Procedures, Medical Review, and Substantial Scientific Evidence

To be clear, there is no dispute that radiation therapy for the treatment of cancer is covered under the Plaintiffs' respective plans, nor is there any allegation to the contrary. The essence of Plaintiffs' argument in this action is that Aetna should have deferred to Plaintiffs' treating physicians, who either offered or recommended Plaintiffs the *option* of a certain *type* of radiation therapy – PBRT. There is no such legal requirement. Nothing in ERISA "suggests that plan administrators must accord special deference to the opinions of treating physicians. Nor does the Act impose a heightened burden of explanation on administrators when they reject a treating physician's opinion." *Benson v. Hartford Life & Accident Ins. Co.*, No. 1:17-cv-247-MW/GRJ, 2018 WL 6442979, at *3 (N.D. Fla. Oct. 22, 2018), *aff'd*, 791 F. App'x 152 (11th Cir. 2019) (*citing*

*Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003)); *see also Meyer v. Hartford Life and Accident Ins. Co.*, 320 F. Supp. 2d 1256, 1265 (M.D. Fla. 2004). The rationale for this principle is clear – a plan is a contract of enumerated benefits which provides some, but not all, types of coverage.

### 1.    The Rigorous Review Process that Resulted in Denial of Prolow's Claim



SUMF ¶ 33.                                                    *Id.* ¶ 36-38.

                                                                           *Id.*

*Id.* ¶ 36-37.

                           *Id.* ¶ 38.

        *Id.*

                              *Id.;*

Dr. Fagundes submitted a first-level appeal on March 14, 2019, seeking expedited review.
SUMF ¶ 39.
                    [2] *Id.* ¶¶ 40-45.

                                                         *Id.* ¶ 42

---
[2]                                                                    SUMF ¶ 41.

16

(citing ██████████) (emphasis added). ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████ *Id.* ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████ *Id.* ███████████████████

████████████████████████████████████████████████

*Id.* ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ SUMF ¶ 48 (citing █████████).

A second level appeal was submitted on March 26, 2019.  SUMF ¶ 49.

███████████████████████████████████ *Id.* ¶ 50. ████████

████████████████████████████████████████████████

██████████████████████ *Id.* ¶ 53. █████████████████

██████████████████████ *See id.*

At Dr. Fagundes' request on Prolow's behalf, the claim was submitted for external review to MCMC on March 28, 2019.  SUMF ¶¶ 54-55.  On April 1, 2019, MCMC issued a report ████

████████████████████████████████ *Id.* ¶ 55. ██████████

██████████████████████████████████████ *Id.* ¶ 56. ██████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ *Id.* ██████████

████████████████████ *Id.* ¶ 57 (citing ██████████).

**2.    The Rigorous Review Process that Resulted in Denial of Lemmerman's Claim**

Lemmerman's precertification request for PBRT was submitted on January 20, 2020.

SUMF ¶ 88. ██████████████████████████████████████████

████████████████████████████████████████ *Id.* ¶ 89.

████████████████████████████████████████████████

████████████████████████████████████ *Id.* ¶ 92. ██████

*Id.*

*Id.* ¶ 90.

*Id.* ¶¶ 91-92.

Lemmerman's physician then submitted a Level 1 appeal on February 14, 2020, and sought expedited review. SUMF ¶ 93.[3]

*Id.* ¶ 94.

*Id.* ¶ 96.

*Id.*; ▮▮▮▮▮. Aetna reviewed AllMed's recommendation and, on February 15, 2020, upheld its prior determination. SUMF ¶¶ 97-98; ▮▮▮.

SUMF ¶¶ 98-100.

On April 10, 2020, Lemmerman's physician submitted a Level 2 appeal, again seeking expedited review. SUMF ¶ 101. ▮▮▮

---

[3] Plaintiffs note in the TAC that Lemmerman's first- and second-level appeals were each upheld "within one day." *See* TAC ¶¶ 80-81. To the extent Plaintiffs insinuate that Aetna's review of Lemmerman's appeals was less than "full and fair" because of the time it took Aetna to render decisions, Plaintiffs would be overlooking the fact that ***Lemmerman and his physician requested expedited reviews***. *See* SUMF ¶ 93, 101, citing ▮▮▮ Given that these appeals related to ongoing medical treatment, Aetna's expedition of the reviews was clearly appropriate. Had Aetna not acted quickly, presumably plaintiffs would have complained about the delay.

[redacted] *See id.* ¶¶ 102-104. [redacted] *Id.* [redacted]

[redacted]

*Id.* ¶ 93. At Lemmerman's request, the claim was subsequently reviewed at MCMC, an external review organization, by a board-certified radiation oncologist. *Id.* ¶¶ 105-108. By letter dated June 17, 2020, MCMC upheld Aetna's coverage decision. *Id.* ¶¶ 106-107. [redacted] *Id.* ¶ 107 (citing AETNA 1462). [redacted] *Id.* ¶¶ 106-108.

* * *

The undisputed material facts outlined above compel the conclusion that Aetna's decision to deny PBRT coverage was supported by a reasonable basis. This conclusion finds ample support in the caselaw. *Woodruff v. Blue Cross and Blue Shield of Ala.*, No. 2:16-cv-00281-SGC, 2018 WL 571933 (N.D. Ala. Jan. 26, 2018) is particularly instructive. There, a court faced with a similar ERISA claim for improper denial of PBRT benefits held that Blue Cross and Blue Shield of Alabama's denial of PBRT coverage was not arbitrary and capricious where two independent experts confirmed PBRT for localized prostate cancer was investigatory and not covered because of the lack of randomized, published studies. *Id.* at *7. Similarly, in *Dillon v. Timken Co.*, No. Civ. 11-195 Erie, 2013 WL 4508975, at *2 (W.D. Pa. Aug. 26, 2013), the court found the

administrator's denial of PBRT coverage was not an abuse of discretion where "the administrative record conclusively show[ed] that the [d]efendant undertook a careful review of [plaintiff's] request for pre-approval of the proton beam therapy, including having two independent, well-qualified radiation oncologists review the relevant medical records and literature in light of the [p]lan's provisions." In *Gardner v. Grp. Health Plan*, No. 5:09–CV–00152–BO, 2011 WL 1321403, at \*5-6 (E.D.N.C. Apr. 4, 2011), the court likewise entered summary judgment in the administrator's favor where PBRT was shown to fall within the definition of "experimental and investigational" which was excluded under the Plan's terms.

Further, in *Till v. Lincoln National Life Ins. Co.*, 678 F. App'x 805, 808 (11th Cir. 2017), the Eleventh Circuit had "little trouble concluding" that the decision to deny benefits claim "was reasonable" where the administrator "adequately considered all of the medical information . . . with the concurrence of two independent and board-certified specialists." Where the administrator's decision, as here, is buttressed by independent review organizations and/or independent board-certified doctors, the same conclusion should follow. *See, e.g., Corkill v. Hartford Life & Accident Ins. Co.*, 435 F. Supp. 2d 1192, 1199 (N.D. Fla. 2005), *aff'd*, 181 F. App'x 935 (11th Cir. 2006) (finding administrator's decision was "supported . . . by substantial competent evidence and . . . not arbitrary and capricious" where the administrator obtained two independent medical reviews); *Carnaghi v. Phoenix Am. Life Ins. Co.*, 238 F. Supp. 2d 1373, 1378 (N.D. Ga. 2002) ("The court finds that Defendant's denial of benefits was based on sufficient and independent reports from two independent medical examiners."); *see also Ferrizzi v. Reliance Standard Life Ins. Co.*, No. 3:16-CV-1439-J-39PDB, 2018 WL 1866100, at \*10 (M.D. Fla. Feb. 12, 2018), *report and recommendation adopted*, No. 3:16-CV-1439-J-39PDB, 2018 WL 1866101 (M.D. Fla. Mar. 28, 2018), *aff'd*, 792 F. App'x 678 (11th Cir. 2019) (considering the "medical expertise of an independent, board-certified doctor in the area at issue" in finding decision was not arbitrary and capricious); *Richey v. Hartford Life & Accident Ins. Co.*, 608 F. Supp. 2d 1306, 1312 (S.D. Fla. 2009) ("An ERISA administrator is entitled to rely on the opinion of a qualified consultant who . . . reviews the claimant's medical records").

### B. The Contrary Recommendations of Plaintiffs' Treating Physicians Do Not Render Aetna's Decision Arbitrary or Capricious

The essence of Plaintiffs' lawsuit is that Aetna should have deferred to Plaintiffs' *wishes* for PBRT therapy; indeed, ███████████████████████████████████████

20

███████████████████████   But there is no legal requirement that ERISA plans cover treatments or services as demanded by either plan participants or their treating physicians. It is well-settled that nothing in ERISA "suggests that plan administrators must accord special deference to the opinions of treating physicians. Nor does [ERISA] impose a heightened burden of explanation on administrators when they reject a treating physician's opinion." *Benson*, 2018 WL 6442979, at *3 (*citing Black & Decker Disability Plan*, 538 U.S. at 831); *see also Meyer*, 320 F. Supp. 2d at 1265 (M.D. Fla. 2004). Moreover, as the Eleventh Circuit has instructed, just because a plaintiff's treating physician offers "differing opinions," does not render the administrator's decision to "afford more or less weight to those opinions . . . arbitrary and capricious." *Till*, 678 F. App'x at 808-09 (citing *Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1279–80 (11th Cir. 2005) (noting in the context of health benefit plans that "[g]iving more weight to the opinions of some experts than to the opinions of other experts is not an arbitrary or capricious practice.")).

### C. Aetna's Decision Was Not Tainted by a Conflict of Interest

If the Court ultimately concludes, as it should, that Aetna's decisions on both Plaintiffs' claims were supported by a reasonable basis in the record, the next task is to determine whether Aetna operated under a conflict of interest with either Prolow's or Lemmerman's claims. *Blankenship*, 644 F.3d at 1355; *see also Pierce*, 791 F. App'x at 49. The Eleventh Circuit has recognized that "the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352, 1360 (11th Cir. 2008); *Meadows v. Am. Airlines, Inc.*, No. 10-22175-CIV, 2011 WL 1102774, at *8 (S.D. Fla. Mar. 24, 2011). The burden however "remains on the plaintiff to show the decision was arbitrary; it is not the defendant's burden to prove its decision was not tainted by self-interest." *Doyle*, 542 F.3d at 1360; *see also Richey*, 608 F. Supp. 2d at 1310 (same).

Here, there is plainly no conflict of interest because it is undisputed that the Plans at issue were self-funded, and that any approved benefits would be paid solely by the Plan sponsors, ***not*** Aetna. TAC ¶¶ 35, 65 (alleging that both Plans are self-funded). Under controlling Eleventh Circuit law, this fact is dispositive. *See Gilley v. Monsanto Co., Inc.*, 490 F.3d 848, 856-57 (11th Cir. 2007) ("Our circuit law is clear that no conflict of interest exists where . . . the provider incurs no immediate expense as a result of paying benefits."); *Jones v. AT&T Umbrella Benefit Plan No.*

*1*, No. 3:15-cv-821-J-34JRK, 2018 WL 748870, at *11 (M.D. Fla. Jan. 10, 2018) (finding no conflict of interest where the claims administrator did not pay the benefits).

Based on all the *Blankenship* factors, Aetna's coverage decisions as to both Plaintiffs were the result of a reasonable and principled multi-level review process which relied on the opinions of several subject matter experts.

**IV.    Even Under a "*De Novo*" Standard of Review, Aetna's Decisions Were Correct**

Even assuming *arguendo* that the *de novo* standard of review applies in this case, Aetna's benefit determinations as to both Plaintiffs were correct and appropriate.  The *de novo* standard requires the Court to consider whether, based on the evidence before the administrator at the time it made its decision, the court would have reached the same decision.  *Melech v. Life Ins. Co. of N. Am.,* 739 F.3d 663, 672-73 (11th Cir. 2014); *Blankenship,* 644 F.3d at 1354-55; *Capone v. Aetna Life Ins. Co.,* 592 F.3d 1189, 1196 (11th Cir. 2010).

*See* Section III, *Supra.*

*See* SUMF ¶¶ 35, 41-42, 46, 52-53; 55, 58 (citing ).

*See* Section III, *Supra.*

*See id.*

SUMF ¶¶ 89, 91, 94, 97, 102, 106 (citing

22



███████).████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ *See* Section

III, *Supra.*

These medical professionals provided the reasoning for their respective decisions. ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ SUMF ¶ 42. ████████████████

████████████████████████████████████████████████████

██ *Id.* ████████████████████████████████████████████

████████████████████████████████████ *Id.*

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████ SUMF ¶¶ 95-96, citing ████████████. ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████ SUMF ¶ 107 (citing ████████). ██████

████████████████████████████████████████ SUMF ¶¶ 89, 91,

96, 98-100. Thus, even under the less deferential *de novo* standard of review, Aetna's benefit determinations were correct and supported.

## CONCLUSION

For the foregoing reasons, Aetna respectfully requests that the Court enter an Order granting this Motion and entering summary judgment in Aetna's favor.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Aetna respectfully requests that the Court schedule a hearing, which is estimated to require approximately one hour, to assist the Court in determining whether summary judgment in favor of Aetna should be granted.

Dated:  November 1, 2021

Respectfully submitted,

**DLA Piper LLP (US)**

*Ardith Bronson*
Ardith Bronson (FBN 423025)
ardith.bronson@dlapiper.com
Maia Sevilla-Sharon (FBN 123929)
maia.sevillasharon@dlapiper.com
DLA Piper LLP (US)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone:  (305) 423-8527

Brian Benjet (admitted *pro hac vice*)
brian.benjet@dlapiper.com
DLA Piper LLP (US)
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, Pennsylvania 19103
Telephone:  (215) 656-3311

Mark C. Nielsen (admitted *pro hac vice*)
mcn@groom.com
Jon W. Breyfogle (admitted *pro hac vice*)
jwb@groom.com
Paul J. Rinefierd (admitted *pro hac vice*)
prinefierd@groom.com
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Telephone:  (202) 861-5429

*Attorneys for Defendant Aetna Life
Insurance Company*

24

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of November 2021, I electronically filed the foregoing document via CM/ECF, which caused a true and correct copy to be served electronically upon all entitled parties.

*Ardith Bronson*
Ardith Bronson, Esq.