UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80545-CIV-MARRA

SHARON PROLOW and
MARK LEMMERMAN,
on behalf of themselves and
all others similarly situated,

              Plaintiffs,

     v.

AETNA LIFE INSURANCE
COMPANY,

              Defendant.
_____/

**PLAINTIFFS' THIRD MOTION TO COMPEL
DOCUMENTS AND INFORMATION FROM DEFENDANT**

Pursuant to Federal Rule 37(a), Plaintiffs move to compel Aetna to produce answers to interrogatories and documents relevant to class certification issues and Aetna's affirmative defenses. Class discovery commenced November 1, and, despite having agreed in December to provide answers and documents in response to certain requests, Aetna has produced nothing to date and refuses to provide an estimate of when answers or documents will be produced.

## I.   Procedural History.

This is a class action brought on behalf of ERISA plan beneficiaries, who were denied medically necessary Proton Beam Radiation Therapy ("PBRT") for the treatment of cancer based on Aetna's uniform application of Clinical Policy Bulletin 270 ("CPB 270") to deny PBRT as "experimental" or "investigational" (the "E/I Exclusion") or not medically necessary. On July 12, 2021, the Court entered an Amended Scheduling Order that bifurcated merits and class discovery (D.E. 77). In light of that order, Plaintiffs moved forward with discovery related to their individual claims, but reserved the right to seek Court intervention on discovery requests related to class certification during the second phase of discovery. (*See, e.g.*, D.E. 80, at 1 n.1.)  Class discovery commenced on November 1, 2021, and closes on July 15, 2022. (D.E. 79, at 2; D.E. 137, at 2.)

On January 27, 2022, the Court found that Aetna wrongfully denied PBRT to both Plaintiffs and entered partial summary judgment in favor of Plaintiffs and against Aetna. (D.E. 138). The Court ordered that the case shall proceed to class certification and trial on any remaining issues. (*Id*. at 46-47.)

## II.  Information and Documents to be Compelled.

### A.  Claims Data.

Through Interrogatories 2 and 3 and Second RFPs 10 and 11, Plaintiffs seek general claims information relating to the putative class members. This information is critical to proving ascertainability and numerosity, as well as relevant to typicality. To date, Aetna has not produced any claims data and has refused to provide an estimate of when the claims data will be produced.

Plaintiffs served their Amended First Set of Interrogatories on February 18, 2021 ("Interrogatories," Ex. A) and their Second Request for Production on March 30, 2021 ("Second RFPs," Ex. B). Aetna served its responses and objections to the Second RFPs on April 29, 2021 (Ex. C) and its further amended answers and objections to the Interrogatories on September 28,

2021[1] (Ex. D). The parties had discussions on Plaintiffs' requests in April and May 2021, which were tabled when the Court bifurcated merits and class discovery in July 2021.

On November 17, 2021, after class discovery opened, Plaintiffs reiterated their proposal that Aetna provide a claims data summary that would include the ERISA benefits claims submitted to Aetna for PBRT to treat cancer, identifying the putative class members by a numerical identifier to protect their identity.[2] This would resolve Aetna's concerns about safeguarding the confidentiality of class members' medical information and lessen Aetna's burden in producing voluminous documents. In December 2021, Aetna indicated its general agreement with this approach and produced a "data dictionary" identifying what data fields are available in Aetna's databases from which it can cull and produce information about the putative class members' claims. On January 13, Plaintiffs posed certain questions about the data and production deadlines. For example, Aetna stated that much of the data might now be in archive form, but could not confirm when the archiving process began or how long it would take to remove data from archive; nor could it confirm whether Aetna had made any effort to stop routine archiving of putative class members' data when this action was filed. A follow-up call was scheduled for January 20. On January 20, Aetna stated it had no information to provide. Another follow-up call was scheduled for February 14; on that call Aetna again stated it had no information to provide on these issues.

To date, Aetna has produced <u>no</u> data pertaining to class members, and, as of February 14, refused to provide any estimate of when the data would be compiled or produced. At this point, Plaintiffs are no closer to discovering even the potential numerical size of the class, a data point Aetna can readily obtain.[3] Receiving putative class members' claims data summary in a timely manner is of critical importance because it will require extensive analysis, likely by an expert. Rule 30(b)(6) depositions may have to be taken following review of the data. The receipt of the

---

[1] Aetna served these further amended interrogatory answers following this Court's order on Plaintiff's prior motion to compel related to merits discovery. (*See* D.E. 97, at 2-3.)

[2] Mindful of Local Rule 7.7, Plaintiffs are not filing the multitude of correspondence exchanged with Aetna on the issues addressed in this Motion. Plaintiffs will file them if directed by the Court.

[3] For example, within 5 days of an order entered by Judge Virginia M. Hernandez Covington in the Middle District of Florida, Aetna obtained a sworn declaration that identified the total number of non-ERISA PBRT claims denied since 2017 (165) and the average billed for PBRT in those cases where PBRT was denied ($123,278). *See* Declaration, D.E. 15-1, *Lake v. Aetna Life Insurance Co.*, 20-cv-03010 (M.D. Fla. Dec. 28, 2020).

data also is a first step in Plaintiffs' discovery plan: after the data is reviewed, sample claims files may be selected for further analysis. Thus, Plaintiffs need to obtain this information with sufficient time within the discovery period remaining so that any follow-up paper discovery can be pursued or depositions taken by July 15. Plaintiffs thus request that the Court order Aetna to produce, within 7 days, a complete claims data summary for all ERISA plan members who submitted requests for PBRT to Aetna for the treatment of cancer types covered by CPB 270, from 2015 to present, including all data fields identified in the data dictionary produced by Aetna.

### B.  Answers to Interrogatories 5, 6, and 8 and Documents Responsive to Second RFPs 1-4, and 9.

Plaintiffs move to compel answers to Interrogatories 5, 6, and 8,[4] and documents responsive to Second RFPs 1-4[5] and 9, within 7 days. The only issue requiring Court intervention is a date certain by which Aetna must answer and produce the responsive documents.

On December 14, 2021, Aetna agreed to answer these interrogatories and produce documents responsive to these requests. When Plaintiffs followed up on January 20, Aetna indicated it would answer and begin a rolling production in 2 weeks.  On February 7, Aetna stated it would answer and begin it production "in short order." Having received nothing, Plaintiffs again inquired on February 14, at which point Aetna stated it did not know when it would answer or begin its production and refused to provide any estimate. Plaintiffs have, in good faith, allowed over 2 months for Aetna to gather and produce documents and information. Plaintiffs cannot indefinitely wait and risk Aetna subsequently claiming Plaintiffs waived their right to this discovery, particularly when Aetna refuses even to provide any estimate for the receipt of its production. Plaintiffs request that the Court enter an order requiring Aetna to respond fully to these discovery requests within 7 days.

---

[4] Aetna has indicated that it intends to produce documents in response to these interrogatories. Rule 33(d), however, still requires Aetna to produce verified answers to the interrogatories specifying the records that must be reviewed to enable Plaintiffs to locate and identify them. *See Mazpule v. Xenios Corp.*, 2021 WL 2515685, at *2 (S.D. Fla. June 19, 2021) (compelling defendant to identify documents by bates number); *Friskney v. Am. Park & Play, Inc.*, 2005 WL 8156082, at *3 (S.D. Fla. June 21, 2005) (compelling defendant to identify documents, page numbers, or sections, from which the information may be derived).

[5] During merits discovery, the Court compelled documents responsive to Second RFPs 1-4 for the period of 2019 to 2020 (when Plaintiffs' individual claims were adjudicated by Aetna). (*See* D.E., at 2.) Plaintiffs seek responsive documents for 2015 to 2018 and 2021, to the extent the policies, procedures, or training materials in effect during those periods were (or are) different.

### C.  Fifth RFP Nos. 1–4, 7, 9-20, 22, 24.

Plaintiffs seek to compel the production of documents responsive to Fifth RFP Nos. 1-4, 7, 9-20, 22, 24.  Plaintiffs served their Fifth Request for Production of Documents on November 17, 2021 ("Fifth RFPs," Ex. E), and Aetna served amended responses and objections to the requests on January 24, 2022 (Ex. F). These requests seek documents related to Aetna's affirmative defenses.

Aetna has agreed to produce documents responsive to these requests, but subject to its objection that the requests are overly broad and unduly burdensome in that Aetna cannot produce "all" documents responsive to the requests.  During conferral, Plaintiffs indicated that they would agree to Aetna's use of a search methodology to resolve the objections and attempted to confer on what methodology would be employed (e.g., use of custodians, use of search terms, review of non-custodial files only). In conferrals in January and February, Aetna stated it did not know what search methodology would be used but also took the position that it would not (and did not have to) confer with Plaintiffs or provide any information about the search methodology it would employ. Aetna also did not know when it would begin or complete its production of documents.

Plaintiffs are entitled to discover the documents that relate to Aetna's affirmative defenses. (*See* Order, D.E. 82, at 2: "any documents that are relevant to or supportive of the affirmative defenses asserted by Defendant shall be produced").  Plaintiffs request that the Court overrule Aetna's objections and order it to produce responsive documents within 7 days.

### D.  Fifth RFP Nos. 5 and 6.

Plaintiffs seek to compel documents responsive to Fifth RFP Nos. 5 and 6.  These requests seek documents responsive to Aetna's affirmative defenses. As set forth above, Aetna refuses to say when it might begin or complete its production of documents. Plaintiffs request that the Court enter an order requiring Aetna to complete its production of responsive documents within 7 days.

### E.  Fifth RFP No. 23.

In Request No. 23, Plaintiffs seek all studies, literature, or other references which Aetna considered during its periodic review of CPB No. 270, from 2015 to present, but which Aetna ultimately did not include as a reference source in the revised or amended CPB No. 270.  Through this request, Plaintiffs seek to identify materials that contradict CPB 270. This evidence is relevant to prove common questions of fact for class certification purposes, including whether PBRT is experimental or investigational or whether CPB 270 is based on outdated medical

evidence. (*See* TAC, D.E. 83, at 21 ¶ 105(b) and (e).) It is also relevant to refute Aetna's affirmative defenses, including its Second Affirmative Defense that it has complied with ERISA and its Twenty-Fifth Affirmative Defense that it has not breached any obligation under ERISA.

Aetna objects to producing documents responsive to the request on the basis that: (1) it is beyond the scope of permissible discovery in an ERISA 502(a)(1)(B); and (2) the Court denied a request for documents relating to the revisions and updates to the CPB during the merits phase of the case.[6] (*See* Ex. F.)  The Court should overrule both objections.

In a class action, Plaintiffs are entitled to seek discovery relating the Rule 23's requirements. *See, e.g.*, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) (district court needs to permit discovery on whether a class may be certified); *Medina v. Enhanced Recovery Co., LLC*, 2017 WL 5196093, at *4 (S.D. Fla. Nov. 9, 2017) ("Plaintiffs are entitled to the opportunity to explore and obtain information relevant to the Rule 23 requirements"); *Cornette v. I.C. Sys., Inc.*, 2017 WL 10398533, at *2 (S.D. Fla. Aug. 7, 2017) (precluding class discovery would "rob" Plaintiffs of the ability to establish Rule 23's requirements). Aetna's Nineteenth Affirmative Defense alleges that Plaintiffs fail to satisfy Rule 23's requirements.

The Court's September 20, 2021 Order (D.E. 97) does not preclude the class discovery sought here. The Court's order was entered during the merits phase of the case and thus looked to whether the discovery was proportional to the needs of proving Plaintiffs' <u>individual claims</u>. The case is now at the class discovery phase and should be considered in light of the needs to prove Rule 23 issues, including common questions of fact that relate to all putative class members. Rather than seeking all materials reviewed over the years, Fifth RFP No. 23 is targeted at requesting only those studies or references that Aetna considered, but did not include in CPB 270. This request is well within the permissible scope of discovery related to Rule 23 requirements and Aetna's affirmative defenses. Plaintiffs request that the Court overrule Aetna's objections and order the complete production of documents within 7 days.

### III. Conclusion.

For the reasons provided, Plaintiffs respectfully request the Court to overrule Aetna's discovery objections and compel responsive documents and information on a date certain, as set forth herein.

---

[6] Aetna also objects "to the extent it seeks information not reasonably available to Aetna." Pursuant to the Federal Rules, Plaintiffs seek only documents within Aetna's possession, custody, or control.

## REQUEST FOR HEARING

Plaintiffs respectfully request a hearing on this motion. A hearing would be helpful to resolve the parties' discovery disputes, which involve a large number of class discovery issues, and provide guidance in streamlining some of the issues that may come up with respect to further discovery. Plaintiffs estimate that one hour of argument may be required given the number of issues in dispute.

## LOCAL RULE 7.3 CERTIFICATION

Pursuant to Local Rule 7.3(a), the undersigned certify that they conferred with counsel for Defendant in telephonic conferences on December 3, January 13, January 20, and February 14, and through numerous written correspondence before and after the telephonic conferences, regarding the relief sought in this motion in a good faith effort to resolve the issues, but were unable to do so.

Respectfully submitted,

**COLSON HICKS EIDSON**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
E-mail: eservice@colson.com

By: **Stephanie A. Casey**
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com

– and –

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

By:  **Maria D. Garcia**
Harley S. Tropin
Florida Bar No. 241253
Email: hst@kttlaw.com
Maria D. Garcia

7

Florida Bar No. 58635
Email: mgarcia@kttlaw.com
Robert Neary
Florida Bar No. 81712
Email: rn@kttlaw.com

*Attorneys for Plaintiffs and the Putative Class*