**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-80545-CIV-MARRA**

SHARON PROLOW and
MARK LEMMERMAN,
on behalf of themselves and
all others similarly situated,

                Plaintiffs,
    v.

AETNA LIFE INSURANCE
COMPANY,

                Defendant.
_____/

**ORDER GRANTING
PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT AND APPROVAL OF CLASS NOTICE**

**THIS CAUSE** is before the Court on Plaintiff Mark Lemmerman's Unopposed Motion for Preliminary Approval of Class Settlement and Approval of Class Notice. (ECF No. 272) This class action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B) ("ERISA") with respect to coverage of Proton Beam Radiation Therapy ("PBT") for localized prostate cancer under health insurance plans administered or insured Defendant Aetna Life Insurance Company ("ALIC"). The terms of the Settlement are set out in the Settlement Agreement[1] (filed at ECF No. 272-1), fully executed as of June 6, 2025.

---

[1] Unless otherwise defined, all capitalized terms shall have the same definitions and meanings as set forth in the Settlement Agreement.

The Court has reviewed the Plaintiff's Motion and preliminarily considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Class. Upon reviewing the Settlement Agreement, the exhibits and attachments thereto, Plaintiff's Motion, and the declaration of counsel, and the matter having come before the Court it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members, and Defendants.

2. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies for settlement purposes only, the following class (the "Settlement Class"):

> All members, participants, and beneficiaries of ERISA-governed employee welfare benefit plans administered and/or insured by ALIC, diagnosed with Prostate Cancer (specific ICD-10 codes as identified in the Settlement Agreement) where (a) the individual was diagnosed with localized prostate cancer, and (b) with respect to proton beam therapy ("PBT") precertification requests submitted after October 9, 2020, had an intact prostate, and (c) received a denial from January 1, 2015, to March 31, 2024, and (d) such denial cites "experimental," "investigational," "unproven" "superior," "superiority," and/or "more effective" as the basis for the denial of the requested PBT delivery code, unless such terms were expressly included in the definition of "medical necessity"/"medically necessary" set forth in the applicable member's Plan Document/Benefits Booklet, who:

> (1) (a) Had a PBT precertification request submitted prior to the date of service (unless precertification was not required by the applicable Plan Document/Benefits Booklet), and (b) subsequently received PBT for the same diagnosis code with no allowed post-service PBT benefit claim(s), and (c) a denied post-service claim for the delivery of PBT for the same diagnosis code, and (d) had no allowed claims related to the same diagnosis code for an alternative recognized medical treatment (specific

Current Procedural Terminology ("CPT") codes as identified in the Settlement Agreement) not including claims related to treatment plans that include PBT in combination with another modality (e.g., concurrent chemotherapy radiation),

OR:

(2) (a) Had an approved PBT precertification request, that was submitted prior to the date of service, and (b) subsequently received PBT for the same diagnosis code with no allowed post-service PBT benefit claim(s), and (c) a denied post-service claim for the delivery of PBT for the same diagnosis code, and (d) had no allowed claims related to the same diagnosis code for an alternative recognized medical treatment (specific CPT codes as identified in the Settlement Agreement) not including claims related to treatment plans that include PBT in combination with another modality (e.g., concurrent chemotherapy radiation).

Excluded from the Settlement Class are: (1) individuals who received coverage for PBT or for an alternative recognized medical treatment from another carrier; (2) individuals who received a final pre-certification or post-service claim denial for an administrative reason (i.e., member not covered under an insured or administered Aetna health benefit plan); (3) the undersigned and the undersigned's immediate family; and (4) anyone who timely opts out.

3. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

    (a) as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records ALIC keeps with respect to the Plaintiff and the Settlement Class Members' claims for coverage of PBT treatment under their health insurance plans, and the Settlement Class is so numerous that joinder of all members is impracticable;

3

(b) as required by Fed. R. Civ. P. 23(a)(2), there is at least one issue whose resolution will affect all or a significant number of the Settlement Class Members;

(c) as required by Fed. R. Civ. P. 23(a)(3), the claims of the Plaintiff are typical of the claims or defenses of the Settlement Class that the Plaintiff seeks to certify;

(d) as required by Fed. R. Civ. P. 23(a)(4), the Plaintiff will fairly and adequately represent the interests of the Settlement Class in that: (i) the interests of the Plaintiff are not antagonistic to the Settlement Class; and (ii) Class Counsel has the competence to undertake this litigation.

(e) as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual Class Members would create a risk of: (i) inconsistent or varying adjudications as to individual Class Members that would establish incompatible standards of conduct for the parties opposing the Settlement Class; and (ii) adjudications as to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or would substantially impair or impede the ability of such persons to protect their interests;

(f) as required by Fed. R. Civ. P. 23(b)(3), the questions of law or fact common to the Settlement Class Members predominate over any

        questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because (i) the interests of certifying the Settlement Class outweigh the interests of the individual Class Members in individually controlling the prosecution or defense of separate actions, (ii) there is no other litigation concerning the controversy already commenced by or against the Settlement Class, (iii) it is desirable to concentrate the litigation of the claims at issue in this forum, and (iv) the difficulties likely to be encountered in the management of a class action are fewer than if the individual Class Members filed independent actions; and

(g)    as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling ERISA cases and class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.    For purposes of effectuating the Settlement Agreement, the Court preliminarily appoints Plaintiff Mark Lemmerman as Class Representative for the Settlement Class.

5.    For purposes of effectuating the Settlement Agreement, the Court preliminarily appoints Stephanie A. Casey of Colson Hicks Edison and Maria D. Garcia

5

and Robert J. Neary of Kozyak, Tropin & Throckmorton LLP as Class Counsel for the Settlement Class. For the purposes of effectuating the Settlement Agreement, Class Counsel are authorized to act on behalf of the Class Representative, and all other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement, subject to final approval by the Court of the Settlement Agreement.

6. **Preliminary Approval of Proposed Settlement Agreement.** The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

(a) The Settlement was negotiated vigorously and at arm's length, through five mediation sessions with private mediator Harry Schafer, by counsel for ALIC, on the one hand, and the Plaintiff and Class Counsel on behalf of the Settlement Class, on the other hand;

(b) Through over five years of litigation, Plaintiff and Class Counsel had sufficient information to evaluate the settlement value of this action and have concluded that the Settlement is fair, reasonable, and adequate;

(c) If the Settlement had not been achieved, Plaintiff and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

(d) The proposed method for providing monetary relief to Settlement Class Members is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Settlement Payments is efficient, relying on ALIC's records and requiring the timely submission of a straightforward Settlement Claim Form and supporting documentation for Settlement Class Members. The Settlement Agreement terms related to attorneys' fees and costs and the Individual Release Payment do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement Agreement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Settlement amount is within the range of settlement values obtained in similar cases;

(e) At all times, the Plaintiff and Class Counsel have acted independently of ALIC and in the interest of the Settlement Class; and

(f) The proposed method of distributing the Settlement Payments is fair, reasonable, and adequate.

7. **Settlement Notice.** The Court approves the Notice of Proposed Settlement of Class Action and Final Approval Hearing attached to the Settlement Agreement as Exhibit E ("Settlement Notice"). The Court finds that the notice form fairly and adequately: (a) describes the terms and effects of the Settlement and the

Settlement Notice, including any monetary relief to which a Settlement Class Member may be entitled to pursue; (b) gives notice to the Settlement Class Members of the time and place of the Final Approval Hearing; and (c) describes how the recipients of the Settlement Notice may object to any of the relief requested; and (d) describes how the recipients of the Settlement Notice may request to be excluded from the Settlement. The Court finds that the contents of the Settlement Notice and the process described herein and in the Settlement Agreement are appropriate and the best notice practicable under the circumstances and satisfy the requirements of Rule 23(c) and Due Process. Costs associated with the Claims Administrator will be paid separately from the benefit to the Settlement Class.

    9.    **Claims Administrator.** The Court hereby approves the appointment Atticus Administration as the Claims Administrator for the Settlement. The Court further directs as follows:

    (a)    the Claims Administrator shall execute the Acknowledgement and Agreement appended to the Stipulated Protective Order, which was entered by the Court on June 7, 2021, and shall adhere to all aspects of that Stipulated Protective Order, and keep confidential from all persons, except as authorized in writing by a Settlement Class Member or as ordered by the Court, the Class List and all PHI of members of the Settlement Class. Any permitted disclosures of Settlement Class Member information in connection with the Settlement shall be limited to the minimum necessary to satisfy the Settlement's requirements.

(b) Within 10 business days after entry of the Preliminary Approval Order, ALIC shall provide the Claims Administrator with the last known telephone numbers, physical addresses, and email addresses, where known, for all persons that ALIC's records reasonably indicate are likely to be Settlement Class Members. ALIC will provide a verification that the information on the Class List is accurate to the best of ALIC's knowledge, information, and belief as of the date when the Class List is sent.

(c) Within thirty (30) days after receiving the Class List, the Claims Administrator will send each Settlement Class Member (via First Class Mail to the addresses on the Class List and via e-mail, if an e-mail address is available) a Settlement Notice and Settlement Claim Form (Exhibit D and E to the Settlement Agreement), with such non-substantive modifications thereto as may be agreed upon by the Parties, to be returned by First Class Mail, e-mail, or other electronic means established by the Claims Administrator, to the Claims Administrator. If mail is returned as undeliverable with a forwarding address, the Claims Administrator will re-mail to the forwarding address. If mail is returned without a forwarding address, or if a Settlement Class Member does not return a Settlement Claim Form, the Claims Administrator may perform an electronic search to attempt to locate an updated address and, if one is identified, the Claims Administrator will re-

9

     send the Settlement Notice and Settlement Claim Form to the updated address.

  (d) No less than 45 days prior to the Final Approval Hearing, the Claims Administrator shall send to Class Counsel and Defendant's Counsel an affidavit: (i) indicating the number and initials of Settlement Class Members who submitted Requests for Exclusion to date; and (ii) attesting that the Settlement Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, Fed. R. Civ. P. 23, and this Court's Order.

  10. **Claims Period.** Settlement Class Members who wish to make a Settlement Claim must completely fill out and sign a Settlement Claim Form and must provide the Claims Administrator with all requested information within seventy (70) calendar days after the Settlement Notices are disseminated. The Claims Administrator shall determine the validity of any claim and the value of each claim based upon the information submitted.

  11. **Objections to Settlement.** Any Class Member who wishes to object to the Settlement may submit a written notice of objection to be considered by the Court in advance of the Final Approval Hearing. The written objection must be postmarked no later than 70 calendar days from the date the Settlement Notice was sent to the Settlement Class Members.  To state a valid objection to the Settlement, an objecting Settlement Class Member must provide the following information in the Settlement Class Member's written objection: (1) his/her full name, current address, and current telephone number; (2) whether the objection applies only to the objecting Settlement

Class Member, to a specific subset of the Settlement Class, or to the entire Class; (3) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (4) any documents that the objector wishes to submit in support of his/her position.

Any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any requests for attorneys' fees, expenses, or Individual Release Payment. The objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Settlement Notice a Notice of Intention to Appear no later than 70 calendar days from the date the Settlement Notice was sent to the Settlement Class Members. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Attorneys representing any objecting Settlement Class Members individually must file a Notice of Appearance at the time the objection is filed, at the objecting Settlement Class Members' expense.

Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Settlement Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Settlement Notice, will be deemed to have waived any objections to the Settlement

11

and will be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

12. **Opting Out.** Any Settlement Class Member who does not wish to participate in the Settlement Class (i.e., "opt out") must do so in writing, and delivered to the Claims Administrator by First Class Mail or e-mail. Such opt-out requests must be postmarked no later than 70 calendar days from the date the Settlement Notice was sent to the Settlement Class. The request must (1) state the Settlement Class Member's full name and current address; and (2) specifically and clearly state his/her desire to be excluded from the Settlement and from the Settlement Class; and (3) include the Settlement Class Member's signature and date when it was signed. Any Settlement Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and will be deemed to have waived any rights or benefits under the Settlement Agreement. The Claims Administrator will provide Defendant's Counsel and Class Counsel with copies of all Requests for Exclusion within five (5) business days after the Opt-Out Deadline.

Any request for exclusion that fails to satisfy these requirements, or that has not been timely postmarked shall be deemed ineffective, and any person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Class Member for all purposes under the Agreement.

13. **Parallel Proceedings.** Pending final determination of whether the Settlement should be approved, the Plaintiff and the Settlement Class Members are prohibited and enjoined from directly, through representatives, or in any other

capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including ALIC.

**14.    Class Action Fairness Act Notice.** Defendant shall submit notices required under the Class Action Fairness Act of 2005 ("CAFA"), to the applicable state and federal officials on or before June 16, 2025.

**15.    Final Approval/Fairness Hearing.** A hearing is scheduled for November 18, 2025 at 10:00 a.m. to make a final determination, concerning among other things:

(a) Any objections from Class Members to the Settlement or any aspects of it;

(b) Whether the Settlement merits final approval as fair, reasonable, and adequate;

(c) Whether the Settlement Notice was the best practicable notice and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(d) Whether the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

(e) Whether to incorporate the Release set forth in the Settlement Agreement into a final approval order;

(f) Whether to retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and for any other necessary purpose;

    (g)    Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

    (h)    Whether the proposed method of distributing the Settlement Payments should be granted final approval;

    (i)    Whether to approve the separate release payment to the Plaintiff, as set forth in the Settlement Agreement; and

    (j)    Whether the Attorneys' Fees and Costs requested in Class Counsel's related application(s) are fair and reasonable, and should be approved.

16.    **Motion for Attorneys' Fees, Litigation Costs and Plaintiff's Awards.** Any motion by Class Counsel for attorneys' fees, litigation costs and awards to the Named Plaintiff, and all briefs in support thereof, shall be filed within 30 days of the entry of this Preliminary Approval Order.

17.    **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of final approval of the Settlement shall be filed at least 30 days prior to the Final Approval Hearing. Any reply briefs in support of final approval of the Settlement shall be filed no later than 14 days prior to the Final Approval Hearing.

18.    **Continuance of Final Approval/Fairness Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice to the Settlement Class Members and also may schedule the hearing to be

conducted by telephone or video conference.

**DONE and SIGNED** on this 10th day of June, 2025, in Chambers, at West Palm Beach, Florida.

KENNETH A. MARRA
United States District Judge